# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHERYL SAUNDERS, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | FILE NO. _____ |
| v. ) | |
| ) | |
| CAPITAL ONE, N.A., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

COMES NOW Cheryl Saunders (hereinafter "Ms. Saunders"), Plaintiff in the above-styled matter, by and through her undersigned counsel of record, and hereby files her Complaint in this action against Capital One, N.A. (hereinafter "Capital One"), and shows this Honorable Court as follows:

### JURISDICTION AND VENUE

1.

In this action, Ms. Saunders is suing Capital One for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216 ("FLSA"), which authorizes employees to institute civil actions in Court to recover damages for an employer's failure to pay overtime wages as required by the FLSA.

2.

This Court has jurisdiction over Ms. Saunders' claims pursuant to 28 U.S.C. § 1331, in that this is an action arising under the laws of the United States.

3.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) and (c), in that, for the purposes of this action, Capital One resides within the Northern District of Georgia, Atlanta Division and a substantial part of the events giving rise to this cause of action occurred within the Northern District of Georgia, Atlanta Division.

## THE PARTIES

4.

Ms. Saunders resides at 2291 Lessie Maude Drive, Marietta, GA 30066 and, for the purposes of the instant action, submits to the jurisdiction and venue of this Court.

5.

Capital One is a Virginia Corporation with its principal office located at 15000 Capital One Drive, Richmond, VA 23238-1119. Capital One regularly does business in the State of Georgia and has purposely and voluntarily directed its activities toward this forum. Capital One may be served through its registered

agent, Corporation Service Company, located at Bank of America Center, 16th Floor, 1111 East Main Street, Richmond, VA 23219-0000.

## STATEMENT OF FACTS

6.

Capital One, a bank holding company specializing in credit cards, home loans, automobile loans, banking and savings products, is a corporate entity engaged in an industry affecting interstate commerce.

7.

Capital One is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

8.

Ms. Saunders has been employed by Capital One as a Relationship Manager for a period of approximately five years and, thus, is an "employee" within the meaning of FLSA, 29 U.S.C. § 203(e)(1).

9.

While working with Capital One, Ms. Saunders was paid a salary, but was, at all times, a non-exempt employee entitled to overtime compensation within the meaning of FLSA, 29 U.S.C. § 216(b) as she did not supervise two (2) or more individuals, did not have the authority to hire and/or fire other employees and did not

manage other employees as a regular function of her job.

10.

During her employment with Capital One, Ms. Saunders frequently worked in excess of forty (40) hours per week.

11.

Capital One failed to properly compensate Ms. Saunders for hours worked in excess of forty (40) per week.

12.

Upon realizing that it had failed to failed to properly compensate Ms. Saunders, along with multiple other similarly situated employees, Capital One called a meeting of some or all affected employees and requested that Ms. Saunders and her co-workers execute a settlement form purporting to settle their claims for overtime in exchange for compensation. The settlement was not approved by any Court nor was it approved by the Department of Labor.

13.

Ms. Saunders executed said settlement document, but she openly complained and expressed concern regarding the form and payment amount of the settlement proposed by Capital One, as it reflected approximately half of the compensation due Ms. Saunders.

14.

In response to her complaint, Capital One lowered Ms. Saunders rate of pay and reduced the benefits of her position.

15.

As a result of the foregoing, Ms. Saunders files this suit, seeking the wages she earned, lost wages and benefits, liquidated damages, attorneys' fees and costs.

**COUNT I: VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

16.

Ms. Saunders incorporates Paragraphs 1 through 15 of this Complaint, as if same were set forth fully herein.

17.

As set forth above, Capital One has violated the FLSA, 29 U.S.C. § 207.

18.

Capital One' actions were willful, in bad faith and entitle Ms. Saunders to liquidated damages pursuant to the FLSA, 29 U.S.C. § 216.

19.

As a result of Capital One' violations of the FLSA, Ms. Saunders is entitled to damages, including, without limitation, unpaid overtime compensation, liquidated damages, lost wages and benefits, attorneys fee's, and costs pursuant to the FLSA,

29 U.S.C. § 216.

## COUNT II: RETALIATION

20.

Ms. Saunders incorporates Paragraphs 1 through 19 of this Complaint, as if same were set forth fully herein.

21.

Ms. Saunders engaged in protected activity under the FLSA by complaining about unpaid overtime.

22.

As a direct result of her complaints, Capital One lowered Ms. Saunders' pay and reduced her benefits.

23.

As a result of Capital One's violation of the anti-retaliation provisions of the FLSA, Ms. Saunders is entitled to damages in an amount to be determined by the trier of fact.

## JURY DEMAND

24.

Ms. Saunders requests a trial by jury on all counts of her Complaint.

**PRAYER**

WHEREFORE, Ms. Saunders prays for the following relief:

(a)  That Capital One be served with process and be required to answer this lawsuit;

(b)  For a trial by a jury;

(c)  For a Judgment for unpaid overtime wages and liquidated damages pursuant to the FLSA;

(d)  For Judgment for damages as a result of Capital One's retaliation against Ms. Saunders for engaging in protected activity under the FLSA in violation of 29 U.S.C. § 215(a)(3);

(e)  For an award of litigation expenses and costs, including attorneys' fees pursuant to the FLSA; and

(f)  For such other and further relief as this Court deems just and proper.

Respectfully submitted this 7th day of May, 2012.

                                                                     **COHAN LAW GROUP, LLC**

                                                                     /s/ Louis R. Cohan
                                                                     LOUIS R. COHAN
                                                                     Georgia Bar No.: 173357
                                                                     RYAN L. RAY
                                                                     Georgia Bar No.: 561765

3340 Peachtree Rd.                    *Counsel for Plaintiff*
Suite 580
Atlanta, GA 30326
404.891.1770 – Telephone
404.891.5094 – Facsimile
lcohan@cohanlawgroup.com
rray@cohanlawgroup.com